## Wyoming National Bank v. Atiyeh

*J. Thomas Shea,* for plaintiff.
*Joseph S. Falchek,* for defendant.

CAPPELLINI, *J.,* May 26, 1988 — By installment loan note and security agreement dated July 8, 1983, plaintiff, The Wyoming National Bank of Wilkes-Barre, granted a loan to Alan P. Votano and Elizabeth J. Votano, which was secured in part by a 1983 Suzuki 125 all-terrain cycle (ATC). The security interest in the cycle was perfected by the filing of a financing statement with the prothonotary of Luzerne County and the secretary of the commonwealth pursuant to the provisions of the Pennsylvania Uniform Commercial Code.

The ATC in question was first purchased by Alan P. Votano from defendant. The Votanos defaulted on their loan obligations and then sold the ATC back to defendant. Plaintiff then commenced this action in replevin to recover the cycle pursuant to the security interest therein. Subsequent to the commencement of this suit, defendant sold the ATC in the normal course of his business to another party for $945. Plaintiff now seeks to recover the proceeds from that sale.

Defendant claims that perfection by filing of the financing statement was ineffective. Defendant also asserts that to be effective, the security interest should be noted on the certificate of title that was issued for the cycle according to the terms of the Pennsylvania Vehicle Code. Therefore, the only question presented is whether the security interest was properly perfected under the Uniform Com-

mercial Code. For the following reasons, we find that the security interest was properly perfected.

Section 1131 of the Vehicle Code, subchapter B, titled "Security Interests", provides that:

"This subchapter does not apply to or affect: (4) any vehicle for which a certificate of title is not required under this chapter." 75 Pa.C.S. §1131.

Section 1102 of the Vehicle Code states that:

"No certificate of title is required for: (2) a golf cart, motor driven cycle, go cart or other similar vehicle, unless it is registered in this commonwealth . . ." 75 Pa.C.S. §1102.

The ATC at issue clearly classifies under this section. While it is not specifically listed, it is obviously of the same character as the enumerated vehicles. All the vehicles listed are intended to be used for purely recreational purposes. The same is true of this ATC. Therefore, the term "other similar vehicle" in the statute must be read to include the ATC. Therefore, the rights of the parties are not subject to the provisions of the Vehicle Code, but are subject to the Uniform Commercial Code. Thus, the security interest need not be noted on the certificate of title.

Under the Pennsylvania Uniform Commercial Code, the security interest was duly created by the security agreement and attached to the ATC as collateral when value was given. 13 Pa.C.S. §9203(a). The interest of the bank was then perfected by the filing of the financing statement. 13 Pa.C.S. §9303. Defendant was, therefore, on notice that the security interest existed and he acquired the cycle subject to that interest.

## ORDER

It is hereby ordered, adjudged and decreed that plaintiff's motion for summary judgment is granted.